IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GWENDOLYN BYARS**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:10-CV-884-L** |
| § | |
| **WASHINGTON MUTUAL BANK, et al.**, § | |
| § | |
| Defendants. § | |

## ORDER

Before the court is a Motion to Proceed *In Forma Pauperis*, filed by *pro se* Plaintiff Gwendolyn Byars ("Plaintiff") on May 3, 2010. United States Magistrate Paul D. Stickney entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on June 22, 2010.

On May 10, 2010, the magistrate judge ordered Plaintiff to provide financial information in support of her May 3, 2010 request to proceed *in forma pauperis*. Plaintiff has not complied with the magistrate judge's order, despite the order warning her that failure to do so would result in a recommendation that her complaint be dismissed for failure to prosecute. To date, she has not sought an extension of time to comply with the order, nor has she paid the required $350 filing fee. The magistrate judge accordingly recommends the court deny her motion and that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Having reviewed the motion, file, record, and Report in this case, the court determines that the magistrate judge's findings and conclusions are correct. The Report is therefore **accepted** as that of the court. Plaintiff's Motion to Proceed *In Forma Pauperis* is **denied**, and this action is

**Order – Page 1**

**dismissed without prejudice** for want of prosecution under Rule 41(b).[*] In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

    **It is so ordered** this 7th day of July, 2010.

                                      Sam A. Lindsay
                                      United States District Judge

---

[*]Further, it appears that the court may lack subject matter jurisdiction over this action under the *Rooker-Feldman* doctrine. *See Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2002). The record in this case, however, is undeveloped and the court cannot definitively make that determination.

**Order – Page 2**